Richard C. NICHOLSON,
Plaintiff–Appellant,

v.

CITY OF WESTLAKE, et al.,
Defendants–Appellees.

No. 01–3144.

United States Court of Appeals,
Sixth Circuit.

Sept. 24, 2001.

Before BATCHELDER and COLE, Circuit Judges; BECKWITH, District Judge.*

Richard Nicholson, proceeding pro se, appeals a district court judgment dismissing one of his civil rights complaints filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary and equitable relief, Nicholson filed two lawsuits, which were consolidated, against the City of Westlake, its Mayor, the police department, the chief of police, and two police officers. In his first complaint (No. 1:99–CV–1381), Nicholson claimed that the defendants violated his Fourth Amendment rights when he was stopped and arrested without probable cause. Nicholson eventually pled nolo contendere to an amended charge of reckless operation of a vehicle. After the defendants had filed an answer to the complaint, an attorney (McQuade) filed an amended complaint on Nicholson's behalf, purporting to add a conspiracy claim and claims for violating 42 U.S.C. §§ 1985 and 1986. The district court struck Nicholson's amended complaint because he had not moved the court for permission to file the amended complaint and because it had been filed by an attorney who had not then been admitted to practice before the court. In his second complaint (No. 1:00–CV–2026), Nicholson claims that the defendants retaliated against him for filing the first lawsuit because, during the two-month period following his arrest, they had "instituted a policy of investigating his personal affairs."

Upon review, the district court partially granted the defendants' motion for summary judgment and dismissed Nicholson's first case, because his nolo contendere plea barred him from pursuing his Fourth Amendment claim. However, the court denied the defendants' motion for summary judgment as to Nicholson's second case. Indeed, the court ordered Nicholson to file an amended complaint setting forth more clearly his retaliation claim. Thereafter, the court denied Nicholson's motion for reconsideration and his motion for summary judgment, and it denied the defendants' motion to dismiss in Case No. 1:00–CV–2026. Nicholson has filed a timely appeal, essentially reasserting his Fourth Amendment claim. Nicholson also argues that the district court was biased against him and that it improperly struck the amended complaint in his first case.

■ Initially, we note that this court has jurisdiction over this appeal, even though the cases were consolidated below and the court only disposed of one of the cases. A case which is disposed of on summary judgment is appealable pursuant to 28 U.S.C. § 1291 despite the fact that the case with which it is consolidated has not been disposed. *Beil v. Lakewood Eng'g and Mfg. Co.,* 15 F.3d 546, 551 (6th Cir.1994).

■ Upon review, we conclude that the district court properly granted sum-

* The Honorable Sandra S. Beckwith, United States District Judge for the Southern District of Ohio, sitting by designation.

**402**

mary judgment to the defendants on Nicholson's Fourth Amendment claim, as there is no genuine issue of material fact and they are entitled to judgment as a matter of law. *Lucas v. Monroe County,* 203 F.3d 964, 971 (6th Cir.2000). Nicholson's Fourth Amendment claim is not cognizable because a ruling in Nicholson's favor would necessarily imply the invalidity of his conviction. *Heck v. Humphrey,* 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). Moreover, Nicholson is estopped by his nolo contendere plea from now alleging that the police officers lacked probable cause to stop him and arrest him. *Walker v. Schaeffer,* 854 F.2d 138, 142–43 (6th Cir.1988). The court did not abuse its discretion when it struck Nicholson's amended complaint. *Reed v. Rhodes,* 179 F.3d 453, 471 (6th Cir.1999). This is so because he filed the complaint without obtaining leave from the court, *see* Fed.R.Civ.P. 15(a), and after the defendants had answered his original complaint. Finally, Nicholson has not presented any evidence to support his allegation that the court was biased against him.

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.